William Lyman, J.
The defendant moves, under subdivision 6 of section 465 of the Code of Criminal Procedure, to set aside the jury verdict of guilt against him on the ground that it is contrary to law, in that the court assigned the same counsel to him as to his three codefendants without first having ascertained whether there was a conflict of interest. It is urged that the moving defendant had a separate defense but that the single counsel assigned to all defendants was unable to give an individual and legally adequate defense to the movant. In the first place there is no authority that permits the granting of the instant application upon the ground urged herein. A verdict may be set aside, pursuant to subdivision 6 of section 465 of the Code of Criminal Procedure, only when it is against the *841 weight of the trial evidence and unsupported by the law governing the case. The claim of inadequacy of counsel in the preparation of a proper defense does not come within the scope of relief provided under the aforesaid subdivision of the said statute. Moreover it appears from the stenographic minutes of the proceedings relating to the assignment made herein that at that time, to wit, April 15, 1958, the court (Schulz, J.) in assigning one counsel (Aaron Samuelson) to the four defendants asked that it be informed if a conflict of interests existed. This experienced counsel never thereafter raised the issue of conflicting interest among the defendants represented by him, nor did he ever request to be relieved from his assignment with respect to any of the accused whose interest was adversely affected by one defense. Besides, the moving papers fail to establish the alleged conflict in the defense of the movant as against that of his codefendants. Since an “ alibi ” defense is now urged for this defendant, and it is conceded that his counsel was never made aware of the existence of such a defense, the oblique attack upon the adequacy of assigned trial counsel herein is unjustified and wholly without merit.
Motion denied.